UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BUDGET RENT A CAR SYSTEM INC.,**

      **Plaintiff,**                                    Case No. C2-04-CV-1205
                                                           JUDGE GREGORY L. FROST
     **v.**                                                     Magistrate Judge Abel

**KEVIN MILES,**

      **Defendant.**

## OPINION & ORDER

Defendant Kevin Miles ("Miles") moves the Court to dismiss Plaintiff Budget Rent A Car System, Inc.'s complaint. (Doc. # 5). In the alternative, Miles requests the Court transfer the case to Judge Sargus, who presided over a previous action between the parties. *Id.* Budget opposes Miles' motion. (Doc. # 8). The Court finds the motion to be not well-taken and therefore **DENIES** the same. (Doc. # 5).

## BACKGROUND

In the prior lawsuit between the parties that Judge Sargus presided over, Budget's complaint alleged that Miles misappropriated trade secrets and defamed Budget on a website Miles created. (United States District Court for the Southern District of Ohio, Eastern Division Case No. 04-513 Doc. # 1). The parties reached a settlement agreement in that case on August 25, 2004, and Budget dismissed its complaint with prejudice. *Id.* at Doc. # 19; Case No. 04-1205 Doc. # 8 at 2.

The present action is the result of the alleged breach of the settlement agreement by Miles. (Case No. 04-1205 Doc. # 1). Specifically, Budget claims that Miles breached the

1

agreement by sending an e-mail on November 28, 2004 to Budget franchisees and employees that "specifically referenced the prior lawsuit and included a link to a new website at KevinandGoliath.com." *Id.* at ¶ 20, 24-27. Next, Budget asserts that Miles intentionally interfered with their business relations. *Id.* at ¶¶ 28-34. Lastly, Budget claims that Miles' "repeated unsolicited and harassing communications to Budget's franchisees and employees" after the settlement agreement is for no other purpose than to harass Budget. *Id.* at ¶¶ 35-38. Budget seeks injunctive relief and monetary damages. Doc. # 1.

Miles moves to dismiss Budget's complaint, arguing that the Court lacks subject matter and personal jurisdiction. (Doc. # 5). Miles also maintains that venue is improper and that the Court should award his attorney's fees and costs associated with both this case and the previous case because this case involves the same claims Budget dismissed against him with prejudice in the prior lawsuit. *Id.* In the alternative, Miles moves the Court to transfer the case to Judge Sargus because of his familiarity with the prior case. *Id.* Because the Court finds that it has both subject matter and personal jurisdiction in this matter, and that venue is proper, the Court **DENIES** Miles' motion to dismiss, his request for fees and costs, and his request for transfer.

## DISCUSSION

**I.    SUBJECT MATTER JURISDICTION**

Miles contends first that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." (Doc. # 5). In considering such a motion

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in

2

the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id*. This is the type of Fed. R. 12(b)(1) motion at issue here. In reviewing such a facial attack, the Court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.*

The Court has jurisdiction pursuant to 28 U.S.C. § 1332, the diversity statute. That statute provides that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 exclusive of interests and costs, and is between citizens of different states. Here, Budget's complaint states that Budget is a New Jersey corporation and that Miles is an Ohio resident. Miles fails to contest either of those statements. Additionally, Budget seeks damages in excess of $75,000. As such, the Court has subject matter jurisdiction and Miles' first argument in support of his motion to dismiss is not convincing.

**II.     PERSONAL JURISDICTION**

Secondly, without giving any reasons why, Miles states that the Court lacks personal jurisdiction over him. (Doc. # 5). Apparently, Miles frames his argument as one under Fed. R. Civ. P. 12(b)(2). However, Miles' conclusory statement of law fails to adhere to S.D. Ohio Civ. R. 7.2, which requires parties to substantiate their arguments with references to case law or

statutory authority.  For this reason alone, the Court **DENIES** Miles' motion to dismiss pursuant to Rule 12(b)(2).

Plaintiffs bear the burden of making a *prima facie* showing that the Court has jurisdiction over the person of each Defendant to the action.  *Wuliger v. Sewell*, 2005 U.S. Dist. LEXIS 5620 at * 5  (N.D. OH 2005).  On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court treats the allegations contained in Plaintiff's complaint as true, and resolves any factual dispute in Plaintiff's favor. *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S. Ct. 1517, 67 L. Ed. 2d 816 (1981).

Federal Rule of Civil Procedure 4(k)(1)(A) establishes that the Court has personal jurisdiction over Miles.  That rule provides: "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. . . ."  Miles was served with a summons on December 27, 2004.  (Doc. # 4).  Additionally, Budget's complaint alleges that Miles is an Ohio resident who lives in Franklin County.  (Doc. # 1 at ¶ 2).  Miles does not dispute that assertion. (Doc. # 5).  As such, Miles is subject to the jurisdiction of the Franklin County Court of Common Pleas, a court of general jurisdiction in Ohio.  *State ex rel. Jones v. Suster*, 701 N.E.2d 1002, 1006 (Ohio 1998).  Accordingly, the Court has personal jurisdiction over Miles.

**III.    VENUE**

Next, Miles conclusory asserts that venue is improper pursuant to Fed. R. Civ. P. 12(b)(3).  (Doc. # 5).  Budget bears the burden of showing proper venue.  *Coulter v. Office & Prof'l Empl. Int'l Union*, 2003 U.S. Dist. LEXIS 13958 (E.D. TN 2003).

According to 28 U.S.C. § 1391, venue is proper in any district in which any defendant resides. Miles lives in Franklin County, which is within the Southern District of Ohio, Eastern Division. S.D. Ohio Civ. R. 82.2(b) & (c). Consequently, venue is proper under 28 U.S.C. § 1391.

**IV. SERVICE OF PROCESS**

Fourth, Miles argues under Fed. R. Civ. P. 12(b)(5) that the Court should dismiss Budget's complaint for insufficiency of service of process. (Doc. # 5). Specifically, Miles maintains that he was not given the opportunity to waive service. *Id.* at 3. This argument also fails.

Budget correctly points out that Fed. R. Civ. P. 4(d) does not require it to utilize waivers of service. Rather, Rule 4(d) is permissive - "[t]o avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of summons." Thus, Rule 4(e) becomes applicable. It states "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States . . . by delivering a copy of the summons and of the complaint to the individual personally." The docket reflects that Miles was personally served on December 27, 2004. (Doc. # 4).

Because Budget personally served Miles, his response was due "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). Due to Budget's personal service of Miles, he was not entitled to the extended response deadline afforded by Fed. R. Civ. P. 12(a)(1)(B). As such, the Court concludes that process was sufficient on Miles and therefore **DENIES** Miles' motion to dismiss for insufficiency of process. (Doc. # 5).

5

V.   ATTORNEY'S FEES AND COSTS

Lastly, Miles argues that the Court should award his attorney's fees and costs associated with this case as well as the prior case under Fed. R. Civ. P. 41(a). In essence, Miles argues that Budget dismissed its claims against him in the prior lawsuit with prejudice, only to reassert them here.

Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

As noted above, the prior lawsuit involved claims of trade secret misappropriation and defamation. (United States District Court for the Southern District of Ohio, Eastern Division Case No. 04-513 Doc. # 1). In the case at bar, however, Budget claims that Miles breached the settlement agreement and harassed Budget. Consequently, the claims are not the same and Miles is not entitled to attorney's fees and costs.

VI.   MOTION TO TRANSFER

In the alternative, Miles moves the Court to transfer this case to the docket of the Honorable Edmund A. Sargus, Jr. because Judge Sargus presided over the previous action. (Doc. # 5). The Court **DENIES** the motion. While the Court recognizes that the parties in the two matters are the same, the Court notes that the claims are different, which negates the need to transfer the matter.

**CONCLUSION**

6

Miles' motion to dismiss is **DENIED**.  (Doc. # 5).

**IT IS SO ORDERED**.


  /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**