IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Budget Rent A Car System, Inc., | : | |
| Plaintiff | : | Case No. 02:04-cv-1205 |
| v. | : | Judge Frost |
| Kevin Miles, | : | Magistrate Judge Abel |
| Defendant | : | |

# Order

Plaintiff Budget Rent A Car System's ("Budget") brings this action alleging that defendant Kevin Miles breached a settlement agreement with it in *Budget Rent A Car Systems, Inc. v. Kevin Miles*, 2:04-cv-513.  Miles has filed a counterclaim against Budget alleging that Budget also has breached that agreement.

This matter is before the Court on plaintiff Budget's June 17, 2005 motion to dismiss defendant's counterclaim (doc. 15), defendant Kevin Miles' August 8, 2005 motions to amend the counterclaim (doc. 20) and to exclude Marc Kessler and Hahn, Loeser and Parks, LLP from representation of Budget (doc. 21), and plaintiff's August 19, 2005 motion to strike defendant's reply memorandum in opposition to plaintiff's motion to dismiss defendant's counterclaim (doc. 23).

As a preliminary matter, plaintiff's August 19, 2005 motion to strike defendant's reply memorandum in opposition to plaintiff's motion to dismiss defendant's counterclaim (doc. 23) is GRANTED.  S.D. Ohio Civ. R.  7.2(a)(2) provides in pertinent part:

1

> (2) *Opposing and Reply Memoranda.* Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion . . . . A reply memorandum may be served within eleven (11) days after the date of service of the memorandum in opposition. **No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.**

Defendant was required to request leave of court and demonstrate good cause for his motion. He failed to do so. Therefore, defendant's reply memorandum in opposition to plaintiff's motion to dismiss defendant's counterclaim (doc. 19) is stricken from the record.

**Background.**

The complaint alleges that defendant Kevin Miles intentionally breached the settlement agreement he entered with Budget in *Budget Rent A Car Systems, Inc. v. Kevin Miles*, 2:04-cv-513. Miles was general manager for a former Budget franchisee in Columbus, Ohio. In May 2004, Budget purchased the assets of the former franchisee. Budget sued Miles in June 2004, alleging that he was tortiously interfering with its business relationships and unlawfully disseminating its confidential and proprietary information. In August 2004, that suit was settled. That agreement provided, in relevant part:[1]

- Budget would deliver an agreed upon letter to Miles. Settlement Agreement, ¶ 2 and Exh. A.
  - Neither party would defame the other. *Id.*, ¶ 3.
  - Mutual releases. *Id.*, ¶¶ 4 and 5.
  - Miles warranted that (a) he did not have in his possession and had not transmitted any of Budget's proprietary documents or information; (b) he had dismantled the website avisandbudgetcarrental.com and would not reopen or

---

[1] The settlement agreement is referenced in the counterclaim. Plaintiff attached a copy as an exhibit to its January 18, 2005 motion to dismiss. Doc. 5, Exh. 1. A court may consider the terms of a contract when deciding a motion to dismiss. *See, Greenberg v. The Life Insurance Company of Virginia,* 177 F.3d 507, 514-15 (6th Cir. May 1999).

> create a website relating to Budget; and (c) he would scrub or delete Budget's trade secrets and/or proprietary information from his hard drive. *Id.*, ¶ 5.
> - Budget warranted that (a) documents Miles produced in 2:04-cv-513 were not its proprietary information; (b) its expert had copied and reviewed Miles' hard drive and would delete Budget's proprietary documents and trade secrets from it; (c) the copied hard drive would be provided to the Court in its unscrubbed condition for safekeeping; and (d) it did not possess any information that Thrifty Rental Car or Ohio Executive Transportation Services Inc. engaged in actionable conduct related to 2:04-cv-513. *Id.*

The agreement expressly stated that it "constitutes the entire and integrated agreement between the Parties" and that "[t]here are no undertakings, understandings, promises or conditions of any kind which are not set forth" in it. *Id.* ¶ 9.

In this action, the complaint alleges that Miles intentionally breached representations and warranties he made in that agreement. On November 28, 2004, Miles sent an email to Budget employees and franchisees that Budget maintains interfered with its business relationships. The email stated that "['][t]he talk coming from there people [sic] is not very good.'" It further "included a link to a new website at KevinandGoliath.com." Complaint, ¶ 20.

Miles has asserted counterclaims against Budget for breach of the settlement agreement, interference with business relations, harassment, and intentional infliction of emotional distress and fraud in the inducement to enter into the settlement agreement.

### Arguments of the Parties.

Plaintiff argues that the counterclaim fails to state a cognizable breach of contract claim. It does not identify any specific provision of the settlement agreement that has been breached. Instead, plaintiff maintains, the counterclaim merely makes vague accusations that Budget's agents and counsel have contacted Miles, which even if true, would not be a breach of the settlement agreement. Plaintiff also argues that defendant cannot establish a breach of the

agreement because it filed this action.  Plaintiff maintains that it is permitted to enforce the agreement by filing this action.  Plaintiff contends that it was permitted to remove any proprietary documents or trade secrets from Miles' hard drive, and there was no requirement for Miles to be present when it did so.

Plaintiff argues that the counterclaim also fails to state a claim for interference with business relations.  It does not allege that Budget induced or purposefully caused anyone to breach their contract or terminate their relationship with Miles.  Instead, the counterclaim alleges that Budget interfered with Miles' business relationships with two trade associations and the former franchisee by bringing this action.  Plaintiff further argues that Miles released Budget from any claim related to his failure to receive a bonus or severance from the former franchisee.

Plaintiff also argues that the counterclaim fails to state a cause of action for harassment and that the claim for intentional infliction of emotional distress claim must be dismissed because Miles has not alleged conduct that is extreme or outrageous or that he suffered severe and debilitating distress.  Finally, plaintiff argues that the counterclaim fails to state a claim for fraud and does not satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Defendant Miles maintains that he has not violated any provision of the settlement agreement and instead plaintiff Budget has materially breached the express and implied terms of that agreement.  Miles asserts that Budget has breached the agreement because its employees continue to communicate with him and seek assistance from him with respect to corporate matters.  Miles also argues that the agreement was breached when plaintiff's counsel seized his computer to erase and remove materials from it without his permission and outside his presence.  Defendant Miles did not respond to Budget's motion to dismiss the second, third, and fourth

counts of his counterclaims, which plead claims for interference with business relations, harassment, and intentional infliction of emotional distress and fraud in the inducement.

**Motion to Dismiss.**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations.  See *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  See *Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also McClain v. Real Estate Bd. of New Orleans, Inc.*,

444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail.  *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant.  *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn*, 697 F.2d at 125.  Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970).  It is not necessary that a plaintiff

set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted.  See *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**Discussion.**

Breach of settlement agreement.  The counterclaim alleges that Budget "has seized and erased and removed materials from the computer of Defendant without the consent of Defendant and away from his presence in violation of the Separation [sic] Agreement."  Counterclaim, ¶ 41.  It also alleges that Budget caused its employees and lawyers to "communicate with Defendant at all hours of the day and days of the week seeking Defendants' assistance including seeking the Defendants' advice and managerial assistance about the business Plaintiff has purchased and now falsely claimed Defendant contacted these individuals."  Counterclaim, ¶ 42.  Further, Budget has sought to harm Miles with his new employer "by claiming that Defendant has violated certain contractual obligations all contrary to fact and law and known by Plaintiff to be untrue."  *Id.*  Relying on the language of the settlement agreement, Budget argues that neither of Miles' assertions constitute a breach of the agreement.

The settlement agreement permitted Budget to scrub its proprietary and confidential information from Miles' hard drive.  It contains no provision that Miles had the right to be present when Budget's expert scrubbed the drive.  It did contain a safeguard: Budget's expert was to deposit the unscrubbed, copied drive with the Court.  There is no allegation in the

7

counterclaim that Miles lost any information as a result of Budget's expert's scrubbing the hard drive.

The agreement also contains no provision that would prohibit Budget's employees and attorneys from contacting Miles. The only arguably related term provides that neither Budget nor Miles shall defame the other. There is no allegation in the counterclaim that Budget or its employees ever communicated a defamatory statement to a third party.[2] Consequently, the Court concludes that count one of the counterclaim fails to state a claim for breach of contract.

Interference with business relations. Miles has failed to plead the essential elements of a claim for interference with business relations:

> [O]ne who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relation with another, or perform a contract with another is liable to the other for the harm caused thereby.

*Heheman v. E.W. Scripps Co.,* 661 F.2d 1115, 1127 (6th Cir. 1981). Miles has not alleged that Budget induced or purposely caused anyone to breach their contract or terminate their relationship with him. Miles simply asserts that Budget has interfered with his ability to participate in two trade associations by preventing him from communicating with Budget's employees and franchisees and requesting that he resign from the trade associations. However, Miles volntarily entered into the settlement agreement with Budget that prohibits him from communicating with Budget's employees and franchisees. Miles may not now seek to hold

---

[2]Miles apparently takes exception to the allegations in the complaint made regarding his conduct. Such statements are privileged and are not actionable as defamation. *Surace v. Wuliger*, 25 Ohio St. 3d 229, 233 (1986) ("[U]nder the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears.").

Budget accountable for interference with business relations when Miles himself signed the agreement.  Furthermore, the thrust of Budget's lawsuit against Miles is enforcement of that agreement.  As such, Budget cannot be held liable for tortious interference with a business relationship for attempting to protect its own lawful interest.  *See Clauder v.  Holbook*, No.  C-990145, 2000 WL 98218 (Hamilton App.  Jan.  28, 2000).

Miles has also asserted that he was entitled to severance pay from the former franchisee; however, he does not allege any conduct on behalf of Budget that caused the former franchisee to breach or terminate its relationship with Miles.  Consequently, Miles' counterclaim for tortious interference with business relations fails as a matter of law.

Harassment.  The counterclaim alleges that Budget harassed Miles because he allegedly received unwelcome telephone calls from Budget employees seeking advice and managerial assistance.  As noted above, the settlement agreement does not prohibit Budget employees from contacting Miles.  The counterclaim pleads that Miles is a national leader of the leading trade association for people in the rental car business in North America.  Apparently, the counterclaim alleges that Budget employees contacted Miles in that capacity "seeking advice and managerial assistance."  Counterclaim, ¶ 42.  The counterclaim does not explain why these contacts were "harassing" or explain the legal basis for the claim.  Miles' response to the motion to dismiss does not address the plaintiff's argument that count three of the counterclaim should be dismissed.  Therefore, Budget's motion to dismiss is GRANTED with respect to Miles' claim for harassment.

Intentional infliction of emotional distress.  This claim must be dismissed because the conduct alleged is not extreme or outrageous.  There is no allegation that Miles suffered severe

and debilitating distress. To prevail on a claim for intentional infliction of emotional distress, Miles must establish that Budget intended to cause emotional distress or knew or should have known that its actions would result in serious emotional distress to him; that the conduct was so extreme and outrageous that it went beyond all possible bounds of decency and could be considered utterly intolerable in a civilized community; that Budget's actions were the proximate cause of Miles' psychic injury; and that the mental anguish suffered by him is serious and of a nature that no reasonable person could be expected to endure it. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 522-523 (S.D. Oh. 1995) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Miles' allegations do not rise to the level of extreme or outrageous conduct, and he also has not alleged that he suffered serious and debilitating emotional distress; therefore, Budget's motion to dismiss is granted with respect to Miles' claim for intentional infliction of emotional distress.

Fraudulent inducement. The counterclaim also fails to state a cognizable claim for fraudulent inducement. Under Ohio law, a plaintiff must prove six elements in order to prove fraudulent inducement:

> (1) a representation, or where there is a duty to disclose, a concealment of fact;
> (2) which is material in nature; (3) was made falsely with knowledge of its falsity
> or with utter disregard or recklessness as to whether it is true or false that
> knowledge may be inferred; (4) with the intent of misleading another to rely upon
> said misrepresentation or concealment; (5) which results in justifiable reliance
> upon that representation or concealment; and (6) proximately causing some
> injury.

*Glazer v. Lehman Bros. Inc.*, 394 F. 3d 444, 459 at n. 7 (6th Cir. 2005). Miles' counterclaim simply asserts that he was fraudulently induced to enter in to the settlement agreement without

10

further specificity.  As such, Miles' claim does not comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) states that "the circumstances constituting fraud . . . shall be stated with particularity."  A party asserting fraud must "allege the time, place, and the content of the alleged misrepresentation on which he . . . relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F. 3d 157, 161-62 (6th Cir. 1993).  Miles has failed to satisfy the requirements of Rule 9(b), and therefore his claim for fraudulent inducement is dismissed.

## Motion to amend counterclaim.

Miles' August 8, 2005 motions to amend his counterclaim (doc. 20) and to exclude Marc Kessler and Hahn, Loeser and Parks, LLP from representation of Budget (doc. 21) are also pending before the Court.  Miles has failed to attach a copy of his proposed amended complaint, and therefore his motion to amend the complaint (doc. 20) is DENIED.  Miles also failed to identify in his brief which claims he intended to bring against these additional defendants.  Furthermore, Miles has missed the deadline for amending the complaint and he has provided no factual support for the assertion that the need to add these defendants was not previously known to him.

Miles' motion to exclude Marc Kessler and Hahn, Loeser and Parks, LLP from representation of Budget (doc. 21) is also DENIED.  *See Salatin v. Trans Healthcare of Ohio, Inc.*, 208 F. Supp. 2d 862, 863 -864 (N.D. Oh. 2002) (denying motion to disqualify because such motion cannot be granted on bald assertions alone).

**Conclusion.**

For the reasons stated above, plaintiff Budget Rent A Car System's ("Budget") June 17, 2005 motion to dismiss defendant's counterclaim (doc. 15) is GRANTED.

Defendant Kevin Miles' August 8, 2005 motions to amend the counterclaim (doc. 20) and to exclude Marc Kessler and Hahn, Loeser and Parks, LLP from representation of Budget (doc. 21) are DENIED, and plaintiff's August 19, 2005 motion to strike defendant's reply memorandum in opposition to plaintiff's motion to dismiss defendant's counterclaim (doc. 23)is GRANTED.

   /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge